CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
 *crowther@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

**FILE COPY**

MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.
DAVID J. MEISELMAN
JAMES R. DENLEA
JEFFREY I. CARTON
D. GREG BLANKINSHIP
 *gblankinship@mdpcelaw.com*
1311 Mamaroneck Avenue
White Plains, New York 10605
Telephone: (914) 517-5000
Facsimile: (914) 517-5055

*Pro Hac Vice* Application to be Filed

Attorneys for BRIAN CASSERLY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

### CV11·00670 PSG (FMOx)

| | |
|---|---|
| BRIAN CASSERLY, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| POWER BALANCE, LLC; JOSH RODARMEL; TONY RODARMEL, KEITH KATO, SHAQUILLE O'NEAL and LAMAR ODOM, | |
| Defendants. | |

CALDWELL
LESLIE &
PROCTOR

1    Plaintiff, on behalf of himself and all others similarly situated, based on

2  personal knowledge, the investigation of his counsel, and on information and belief,

3  alleges the following against Defendants Power Balance, LLC, Josh Rodarmel,

4  Tony Rodarmel, Keith Kato, Shaquille O'Neal and Lamar Odom:

5                              **NATURE OF ACTION**

6       1.    Defendants Power Balance, LLC, Josh Rodarmel, Tony Rodarmel and

7  Keith Kato ("Defendants"), manufacture, advertise, promote, market, warrant, and

8  sell what they purport to be "performance technology":  wristbands, bracelets and

9  pendants that allegedly "optimiz[e] the body's natural energy flow" through the use

10  of holograms.  Defendants represent that merely by wearing Power Balance

11  products, consumers will enjoy better "strength, balance and flexibility."

12       2.    In fact, the Power Balance holograms are nothing short of snake oil.

13  Despite Defendants' representations that the hologram will enhance consumers'

14  "strength, balance and flexibility," it is biologically incapable of doing so.  Plaintiff

15  and other purchasers paid as much as $79.95 for Power Balance products with the

16  expectation that they would enjoy greater "strength, balance and flexibility," but

17  they did not.

18       3.    Indeed, Power Balance Australia, which sells products containing the

19  same holograms, recently admitted that "[i]n our advertising we stated that Power

20  Balance wristbands improved your strength, balance and flexibility.  We admit that

21  there is no credible scientific evidence that supports our claims and therefore we

22  engaged in misleading conduct in breach of s52 of the [Australia] Trade Practices

23  Act 1974."

24       4.    Plaintiff bring this action on behalf of a nationwide class of all

25  similarly situated individuals who purchased new Power Balance products for

26  personal use, and not for resale.

27

28

CALDWELL
LESLIE &
PROCTOR

-1-

5.     Plaintiff has suffered injury in fact and economic losses as a direct result of Defendants' wrongful acts.   Plaintiff, on behalf of himself and the proposed Class, hereby seeks damages and other relief the Court deems just.

## PARTIES

6.     Plaintiff Brian Casserly is an individual residing in Greenwood Lake, New York.  Brian Casserly purchased a Power Balance bracelet for approximately $35 plus tax.  Brian Casserly purchased a Power Balance bracelet because of its purported ability to improve his strength, balance and flexibility as Defendants advertised, promoted, marketed, and warranted that Power Balances' products were capable of delivering; however, the Power Balance bracelet Brian Casserly purchased did not improve his strength, balance or flexibility.

7.     Defendant Power Balance, LLC has its corporate headquarters at 30012 Ivy Glenn Drive, Suite 180, Laguna Niguel, California 92677.  Power Balance designs, markets, and sells Power Balance wristbands, bracelets and pendants throughout the United States, including the bracelet at issue here.

8.     Defendants Keith Kato, Josh Rodarmel and Tony Rodarmel are the principle officers and, on information and belief, majority owners of Power Balance, LLC, with primary responsibility for formulating, implementing and directing its marketing, advertising and sales.  On information and belief, Defendants Keith Kato, Josh Rodarmel and Tony Rodarmel, each of whom receive direct substantial pecuniary benefits from Power Balance sales, reside in California.

9.     Defendant Shaquille O'Neal is a paid celebrity endorser of Power Balance products.  On information and belief, Defendant O'Neal resides in Sudbury, Massachusetts.

10.     Defendant Lamar Odom is a paid celebrity endorser of Power Balance products.  On information and belief, Defendant Odom resides in Manhattan Beach, California.

CALDWELL
LESLIE &
PROCTOR

1

**JURISDICTION AND VENUE**

2      11.   This Court has subject matter jurisdiction over this action pursuant to

3 the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one

4 Class member is of diverse citizenship from Defendants; there are more than 100

5 Class members nationwide; and the aggregate amount in controversy exceeds

6 $5,000,000. This Court has personal jurisdiction over the parties because

7 Defendants conduct substantial business in this State, have had systematic and

8 continuous contacts with this State, and have agents and representatives that can be

9 found in this State.

10      12.   Venue is proper in this District under 28 U.S.C. § 1391(a) because a

11 substantial part of the events or omissions giving rise to the claims occurred within

12 this District, Defendants have caused harm to Class members residing within this

13 District, and Power Balance maintains its headquarters in this District.

14

**CHOICE OF LAW**

15      13.   California law governs the state law claims asserted herein by Plaintiff

16 and the Class Members.

17      14.   Upon information and belief, Defendants' acts and omissions discussed

18 herein were orchestrated and implemented at Power Balance headquarters in

19 California.

20      15.   California has a substantial interest in protecting the rights and interests

21 of California and other U.S. residents against wrongdoing by a company based in

22 California, which interest is greater than that of any other State.

23      16.   Application of California law with respect to Plaintiff and the Class

24 Members' claims is neither arbitrary nor fundamentally unfair because California

25 has significant contacts and a significant aggregation of contacts that give California

26 a substantial interest in the claims of the Plaintiff and the Nationwide Class.

27

28

CALDWELL
LESLIE &
PROCTOR

**FACTUAL ALLEGATIONS**

17.    Defendant, Power Balance, LLC, was founded in 2007.  Power Balance claims it "is wholly committed to creating innovative, quality, and stylish products that our customers are excited to tell their friends about.  We believe people of all ages and walks of life should have access to our wearable performance technologies that maximize individual performance and help each of us enjoy life to its fullest."

18.    Power Balance's products are widely sold and, unfortunately for consumers, very popular.   In fact, CNBC recently named Power Balance as the "Sports Product of the Year for 2010," and the Power Balance bracelet was one of Amazon's "Top 5 Best Sellers" during the recent holiday shopping season.  Power Balance's sales from 2010 are expected to top $35 million.

19.    Power Balance's websites contain numerous representations that its products are capable of improving users' strength, balance and flexibility by working with the body's natural energy field:

- "We believe people of all ages and walks of life should have access to our wearable performance technologies that maximize individual performance and help each of us enjoy life to its fullest."
  http://www.powerbalance.com/about-us

- "Power Balance is Performance Technology designed to work with your body's natural energy field.  Founded by athletes, Power Balance is a favorite among elite athletes for whom balance, strength and flexibility are important." http://www.powerbalance.com/powerbalance

- "How Does the Hologram Work?  Power Balance is based on the idea of optimizing the body's natural energy flow, similar to concepts behind many Eastern philosophies.  The hologram in Power Balance is designed to resonate with and respond to the natural energy field of the body." http://www.powerbalance.com/powerbalance

CALDWELL
LESLIE &
PROCTOR

1   • "We're helping people excel with a revolutionary technology that's
2      changing the way people live, work and play."
3      http://www.powerbalance.com/who-we-are
4   • "Power Balance is committed to bringing our wearable performance
5      technology to everyone so each individual can maximize their potential
6      and live life to its fullest." http://www.powerbalance.com/who-we-are
7   • "Power Balance is based on the idea of optimizing the body's natural
8      energy flow, similar to concepts behind many Eastern philosophies.
9      The hologram in Power Balance is designed to respond to the natural
10     energy field of the body.  The Mylar material at the core of Power
11     Balance has been treated with energy waves at specific frequencies.
12     The resulting Mylar is believed to resonate and work with your body's
13     natural energy flow to help enable you to perform at the best of your
14     ability." http://www.powerbalance.com/faqs
15  • "Power Balance®, after years of research and development, has
16     produced a system to safely restore and optimize the electro-magnetic
17     balance within the human body... IMMEDIATELY.  POWER
18     BALANCE'S Mylar Holographic Disk (the same substance used to
19     keep static electricity from damaging electrical components) has been
20     imbedded with an electrical frequency that restores your body's
21     electrical balance, promoting a free exchange of positive and negative
22     ions and align your body's energy pathways.  The high density Disk
23     acts much like a switch, resonating within your system and turning on
24     your energy field while it clears the pathways so the electro-chemical
25     exchange functions like the well-tuned generator it was designed to be.
26     When the static Power Balance Hologram comes in contact with your
27     body's energy field, it begins to resonate in accordance with each
28     individual's biological, creating a harmonic loop that optimizes your

CALDWELL
LESLIE &
PROCTOR

-5-

1   energy field and maintains maximum energy flow while clearing the

2   pathways so the electro-chemical exchange functions like the well-

3   tuned generator it was meant to be."

4   http://www.balanceband.com/technology

5   •   "Results Are Almost Immediate… & Truly Phenomenal.  Unlike many

6   other ionic electro-magnetic devices, the Power Balance Holographic

7   Disks begin to work almost instantly, restoring optimal electro-

8   magnetic balance and promoting free flowing energy pathways… NO

9   PROMISES, JUST RESULTS."

10   http://www.balanceband.com/technology

11   •   "The benefits are clear: faster synaptic response (brain function),

12   enhanced muscle response (in both fast and slow twitch tissues),

13   increased stamina (better oxygen uptake and recovery), more flexibility

14   (faster recovery) and vastly improved gravitational balance."

15   http://www.balanceband.com/technology

16   20.   Power Balance co-inventor Josh Rodarmel has also participated in

17   numerous widely disseminated media interviews in which he touts the performance

18   enhancing capabilities of Power Balance products:

19   •   Josh Rodarmel stated in an interview with the Daily Mail in August,

20   2010: "Everything in nature has a set frequency.  The body has a

21   frequency and things which cause negativity to the human body -- like

22   mobile phones and radio waves -- break down its natural healing

23   frequency."

24   •   In a February 26, 2010 interview with Slam, Josh Rodarmel stated that

25   "[w]e put frequencies in the holograms that react positively with your

26   body's energy field. The same way that wireless internet or cell phones

27   or radio waves or different things like that—everything has a frequency

28   and everything reacts with other frequencies.  The frequencies I just

CALDWELL
LESLIE &
PROCTOR

-6-

1     mentioned react negatively with your body, but there are also

2     frequencies that react positively with your body. We figured out how to

3     put those in the hologram so when it comes into contact with your body,

4     it gives you that added balance, strength, flexibility. We can

5     demonstrate that through the different muscle tests."

6     21.    Power Balance also uses television commercials to tout the

7  performance enhancing characteristics of its products using kinesiology tests. In

8  these widely disseminated commercials, volunteers stand on one leg with arms

9  stretched out at the sides. A second person, the tester, then tries to push down on

10  one of the volunteers' arms, often causing them to topple over. The test is repeated

11  with the volunteer wearing a Power Balance band, in which it seems as if the

12  subject's arm strength and balance has improved and it becomes much harder for

13  them to be pushed over.

14     22.    Power Balance also uses celebrity and athlete endorsements to

15  advertise and sell its products. For example, Defendant Shaquille O'Neal is, on

16  information and belief based on press reports, a paid endorser for Power Balance

17  products, and he lends his personal reputation to the sale and advertisement of those

18  products. On the Power Balance website, Defendant O'Neal is quoted as saying: "I

19  don't really do a lot of testimonials, but this really works! I came across Power

20  Balance when someone did the test on me. That night, while playing for the

21  Phoenix Suns, there were about three of my teammates with the product on and we

22  won that game by 57 points! I kept feeling something when I wore the bracelet, so I

23  kept wearing it. When I took it off I went back to normal. I've been wearing the

24  bracelet ever since. I want to do everything to get the slightest advantage;

25  wristbands, necklaces, t-shirts, band-aids, everything and anything we can get our

26  hands on. I'm here to tell you it works!"

27     23.    Defendant O'Neal is also the prominent star in widely disseminated

28  video touting Power Balance products. In this video, Defendant O'Neal testifies

CALDWELL
LESLIE &
PROCTOR

1   with regard to Power Balance products that "This Works." He also describes

2   himself as "A Power Balance general." In the video, Defendant O'Neal represents

3   that he has been the subject of the kinesiology tests described above, and he verifies

4   the accuracy of the tests. Defendant O'Neal also tells consumers that Power

5   Balance products will increase "your endurance, your flexibility and your strength."

6   Defendant O'Neal also states that "I am here to tell you that it works. It works."

7   Defendant O'Neal made these statements and representations to further the sales of,

8   and to advertise, Power Balance products.

9       24.   Defendant Lamar Odom is, on information and belief based on press

10   reports, a paid endorser for Power Balance products, and he lends his personal

11   reputation to the sale and advertisement of those products. On the Power Balance

12   website, Defendant Odom is quoted as saying: "Playing at a championship level

13   requires you to perform at your peak day in and day out. The Power Balance silicon

14   wristband helps me keep that balance. The product is the next level." Defendant

15   Odom made this statement and representation to further the sales of, and to

16   advertise, Power Balance products.

17       25.   Consumers are likely to believe that Defendants O'Neal's and Odom's

18   statements concerning Power Balance products reflect the opinion, beliefs, findings

19   and experiences of Defendants O'Neal and Odom rather than Power Balance's.

20       26.   However, on information and belief, Defendants O'Neal and Odom

21   knew or should have known that Power Balance products are incapable of

22   enhancing performance or increasing endurance, flexibility or strength, and that

23   there is no scientific or other reasonable basis for claiming that they do so.

24       27.   These various representations concerning the efficacy of Power

25   Balance products are part of a national, multi-media advertisement campaign that

26   uniformly represents that Power Balance products are capable of improving

27   consumers' performance.

28

CALDWELL
LESLIE &
PROCTOR

1    28.    In fact, there is no support, other than incidental anecdotal evidence, for

2 Defendants' claims concerning the efficacy of Power Balance products.

3    29.    Power Balance recently admitted that it had no scientific or objective

4 basis to assert that its products are capable of delivering the performance Power

5 Balance promises.  In response to the recent admissions by Power Balance

6 Australia, Power Balance's website now belatedly states that "[a] preliminary study,

7 conducted by an independent third-party, was recently commissioned to determine

8 the different performance variables of the product and the findings have determined

9 that wearing the product does in fact provide a 'statistically significant' result on the

10 wearer's performance.  We are committed to further evaluating the performance

11 parameters of wearing the product so that we can continue to provide products that

12 enhance the wearer's lifestyle." (emphasis added)

13 http://www.powerbalance.com/statement  This statement implicitly admits that

14 Defendants had not undertaken any prior studies or obtained any scientific or other

15 reasonable basis for claiming that Power Balance products are capable of enhancing

16 performance and that their use would result in greater strength, balance and

17 flexibility.

18    30.    There is no question that the Power Balance products are not capable of

19 performing as advertised and that there is no scientific or medical basis for claiming

20 that they are so capable.  Dr. Victor Thompson, a sports psychologist based in

21 London, stated that "I'm not aware of any research that supports the technology

22 behind these bands."  Similarly, Australian Medical Association vice-president

23 Steve Hambleton stated that the bands were "biologically implausible."

24    31.    Moreover, the kinesiology tests performed in Power Balance's

25 commercials appear to be mere stage trickery.  On information and belief, these tests

26 are faked simply by subtly changing the direction in which pressure is applied to the

27 subject's body.  When the tester pushes down and, imperceptibly to the viewer,

28 slightly away from the subject's body, the subject loses his balance.  After the

CALDWELL
LESLIE &
PROCTOR

1  subject is given the Power Balance bracelet, the tester again pushed down, but this
2  time, again outside the perception of the viewer, slightly toward the body. The
3  subject is then able to withstand the pressure without falling over; however, this is
4  not because of the Power Balance bracelet, but instead because of the slight
5  difference in lateral pressure.

6      32.    That these kinesiology tests are nothing more than sleight of hand was
7  further demonstrated when the Australian Skeptics, a non-profit organization based
8  in Australia which investigates pseudoscientific claims using scientific
9  methodologies, challenged the Australian distributor of Power Balance bands, Tom
10 O'Dowd, to use his kinesiology tests to pick out which one of six people had the
11 Power Balance band hidden in their pocket. He failed the test.

12                        **CLASS ACTION ALLEGATIONS**

13     33.    Plaintiff brings this suit as a class action pursuant to Rule 23 of the
14 Federal Rules of Civil Procedure, on behalf of himself and all other similarly
15 situated persons. The Class is  defined as follows: **All persons in the United States**
16 **and its territories who purchased a new Power Balance product for personal**
17 **use and not for resale after January [], 2007.**

18     34.    Excluded from the class are Defendants, Power Balance' subsidiaries
19 and affiliates, as well as Power Balance's executives, board members, legal counsel,
20 and Defendants' immediate families. Also excluded are all governmental entities
21 and any judicial officers assigned to hear any aspect of this case.

22     35.    Plaintiff reserves the right to amend or modify the Class definition with
23 greater specificity or further division into subclasses or limitation to particular
24 issues.

25     36.    Numerosity. The proposed Class is sufficiently numerous, as
26 Defendants have sold millions of Power Balance products to consumers. The
27 members of the Class are so numerous and dispersed throughout the United States
28 that joinder of all members is impracticable.

CALDWELL
LESLIE &
PROCTOR

-10-

37.   <u>Common Questions of Fact and Law</u>.  Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(3).  Questions of fact and law that predominate over any individual issues include:

      a.   Whether Defendants advertised Power Balance products as being capable of enhancing the performance or users' strength, balance or flexibility;

      b.   Whether Defendants failed to disclose to users that they had no scientific or credible basis to represent that Power Balance products are capable of enhancing the performance or users' strength, balance or flexibility when they are not;

      c.   Whether Defendants' conduct violated the Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq.* ("CLRA");

      d.   Whether Defendants' conduct violated California's Unfair Competition Laws, California Business and Professions Code sections 17200, *et seq.* ("UCL");

      e.   Whether Plaintiff and the members of the Class sustained damage and ascertainable loss as a result of Defendants' conduct as alleged herein;

      f.   The amount of relief to which the Class is entitled; and

      g.   The amount of attorneys' fees, prejudgment interest, and costs of suit to which the Class is entitled.

38.   <u>Typicality</u>.  Plaintiff's claims are typical of the claims of Class members because Plaintiff and the Class sustained damages arising out of the Defendants' wrongful conduct as detailed herein.  Specifically, Plaintiff and Class

CALDWELL
LESLIE &
PROCTOR

1 | members' claims arise from their purchase of a product that was incapable of
2 | performing as advertised.

3 |     39.    <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of
4 | the Class and have retained counsel competent and experienced in class action
5 | lawsuits. Plaintiff has no interests antagonistic to or in conflict with those of Class
6 | members and therefore will be adequate as a representative for the Class.

7 |     40.    <u>Superiority</u>. A class action is superior to other available methods for
8 | the fair and efficient adjudication of this controversy since joinder of all the
9 | members of the Class is impracticable. Furthermore, the adjudication of this
10 | controversy through a class action will avoid the potentially inconsistent and
11 | conflicting adjudications of the claims asserted herein. There will be no difficulty in
12 | the management of this action as a class action.

13 |

14 | <center>**CAUSES OF ACTION**</center>

15 | <center>**COUNT I**</center>

16 | <center>**Violation of the California Consumer Legal Remedies Act**</center>

17 |     41.    Plaintiff incorporates by reference and realleges all paragraphs
18 | previously alleged herein.

19 |     42.    Defendants are each a "person," as defined by Cal. Civil Code §
20 | 1761(c).

21 |     43.    Plaintiff and the Class Members are "consumers," within the meaning
22 | of Cal. Civil Code § 1761(d).

23 |     44.    Power Balance products are "good[s]," within the meaning of Cal.
24 | Civil Code § 1761(a).

25 |     45.    Plaintiff's purchase of Power Balance products constituted a
26 | "transaction," as that term is defined in Cal. Civil Code § 1761(e).

27 |     46.    Defendants' acts and omissions, as alleged herein, violated the
28 | California Consumer Legal Remedies Act ("CLRA") and Cal. Civ. Code §

CALDWELL
LESLIE &
PROCTOR

1770(a)(5)'s proscription against representing that goods have uses, characteristics, or benefits they do not actually have;  and Cal. Civ. Code § 1770(a)(7)'s proscription against representing that goods are of a particular standard, quality, or grade when they are of another.

47.    Since the 2007 introduction of Power Balance products by Defendants, they advertised, promoted, marketed, warranted, and sold such products with the representation that they are capable of enhancing performance and increasing strength, balance and flexibility when they are not.

48.    Further, Defendants failed to adequately disclose, at the time of purchase, that they had no scientific or other credible basis to represent that Power Balance products are capable of enhancing performance and increasing strength, balance and flexibility.

49.    The facts that Defendant failed to disclose, concealed, and/or misrepresented are material in that reasonable consumers would consider them important in deciding whether or not to purchase Power Balance products.  Had Plaintiff and the Class known that Defendants had no scientific or other reasonable basis to claim that Power Balance products are capable of enhancing performance and increasing strength, balance and flexibility, they would not have purchased those products.

50.    In failing to disclose this information, Defendants have knowingly and intentionally concealed material facts and breached their duty not to do so.

51.    Defendants' concealment and deceptive practices, in violation of the CLRA, were designed to and did induce Plaintiff and the Class to purchase Power Balance products.

52.    Defendants performed the acts herein alleged in connection with the design, marketing, advertising, warranty, and/or sale of Power Balance products with a knowledge and intent to defraud and deceive Plaintiff and the Class.

CALDWELL
LESLIE &
PROCTOR

-13-

1    53.    Plaintiff, on behalf of himself and all other similarly situated, demands

2  judgment against Defendants under the CLRA for injunctive relief enjoining

3  Defendants from continuing to engage, use, or employ any act, including

4  advertisements or other representations, prohibited by California Civil Code § 1770

5  et seq.

6                                    **COUNT II**

7    **Violation of Cal. Bus. & Prof. Code §§ 17500, et seq. (False Advertising)**

8    54.    Plaintiff incorporates by reference and realleges all paragraphs

9  previously alleged herein.

10    55.    Defendants have engaged in false advertising as they disseminated false

11  and/or misleading statements regarding the Power Balance products.

12    56.    Defendants knew or should have known by exercising reasonable care

13  that their representations were false and/or misleading.  Beginning in 2007 and

14  continuing to date, Defendants engaged in false advertising in violation of Cal. Bus.

15  & Prof. Code §§ 17500, *et seq.*, by misrepresenting in their advertising, marketing,

16  and other communications disseminated to Plaintiff, the Class, and the consuming

17  public that Power Balance products were capable of enhancing performance and

18  increasing strength, balance and flexibility when they are not.

19    57.    Beginning in or about 2007 and continuing to date, Defendants engaged

20  in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*, by omitting,

21  failing to disclose, and/or concealing the material fact that they had no scientific or

22  other reasonable basis for claiming that Power Balance products were capable of

23  enhancing performance and increasing strength, balance and flexibility.

24    58.    By disseminating and publishing these statements in connection with

25  the sale of its goods, Defendants have engaged in and continue to engage in false

26  advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

27    59.    As a direct and proximate result of Defendants' conduct, as set forth

28  herein, Defendants have received ill-gotten gains and/or profits, including, but not

CALDWELL
LESLIE & ·
PROCTOR

-14-

1   limited to money.  Therefore, Defendants have been unjustly enriched.  Pursuant to

2   Cal. Bus. & Prof. Code § 17535, Plaintiff and members of the Class request

3   restitution and restitutionary engorgement for all sums obtained in violation of Cal.

4   Bus. & Prof. Code §§ 17500, *et seq.*

5                                    **COUNT III**

6   **Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (Unfair Competition)**

7          60.    Plaintiff incorporates by reference and realleges all paragraphs

8   previously alleged herein.

9          61.    Cal. Bus. & Prof. Code § 17200 prohibits acts of "unfair competition."

10  As used in this section, "unfair competition" encompasses three distinct types of

11  misconduct: (a) "any unlawful . . . business act or practice;" (b) "any . . . unfair or

12  fraudulent business act or practice;" and (c) "any . . . unfair, deceptive, untrue or

13  misleading advertising."

14         62.    Defendants knew or should have known by exercising reasonable care

15  that their representations were false and/or misleading.  Beginning in 2007 and

16  continuing to date, Defendants engaged in practices which violate Cal. Bus. & Prof.

17  Code §§ 17200, *et seq.*, by misrepresenting in their advertising, marketing, and other

18  communications disseminated to Plaintiff, the Class, and the consuming public that

19  Power Balance products are capable of enhancing performance and increasing

20  strength, balance and flexibility.

21         63.    Beginning in 2007 and continuing to date, Defendants engaged in false

22  advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by

23  misrepresenting in their advertising, marketing, and other communications

24  disseminated to Plaintiff, the Class, and the consuming public that Power Balance

25  products were capable of enhancing performance and increasing strength, balance

26  and flexibility when they are not.

27         64.    Defendants disseminated unfair, deceptive, untrue, and/or misleading

28  advertising in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§

CALDWELL
LESLIE &
PROCTOR

-15-

1   17200, *et seq.*, when they misrepresented, failed to disclose, and/or concealed the
2   true defective nature of Power Balance products in their advertising, marketing, and
3   other broadly disseminated representations.

4        65.   Defendants' above-described conduct constitutes "unfair" business
5   practices within the meaning of the Unfair Competition Law insofar as Defendants'
6   business practices alleged herein are immoral, unethical, oppressive, unscrupulous,
7   and/or substantially injurious to consumers.

8        66.   Defendants' above-described conduct constitutes "fraudulent" business
9   practices within the meaning of the Unfair Competition Law insofar as Defendants'
10  business practices alleged herein are likely to deceive members of the public.

11       67.   These above-described unfair and fraudulent business practices and
12  false and misleading advertising by Defendants present an ongoing threat to Plaintiff
13  and the Class.  Plaintiff is informed and believes and thereon alleges that Defendants
14  have systematically perpetrated deceptive and unfair practices upon members of the
15  public and has intentionally deceived Plaintiff and the Class.

16       68.   In addition, the use of media to promote the sale of Power Balance
17  products through false and deceptive representations constitutes unfair competition
18  and unfair, deceptive, untrue, or misleading advertising within the meaning of the
19  Unfair Competition Law.

20       69.   As a direct and proximate result of Defendants' violation of the Unfair
21  Competition Law, Plaintiff and the Class Members have suffered harm in that they
22  would not have purchased Power Balance products if Plaintiff and the Class had
23  known that Power Balance products are incapable enhancing performance and
24  increasing strength, balance and flexibility and that Defendants had no scientific or
25  other reasonable basis for claiming that their products were capable of delivering
26  these results.

27       70.   As a direct and proximate result of Defendants' violation of the Unfair
28  Competition Law, Plaintiff and the Class Members have suffered harm in that they

CALDWELL
LESLIE &
PROCTOR

1 purchased Power Balance products that are incapable of enhancing performance and
2 increasing strength, balance and flexibility.

3     71.    As a direct and proximate result of Defendants' violation of Cal. Bus.
4 & Prof. Code §§ 17200, *et seq.*, Defendants have been unjustly enriched at the
5 expense of Plaintiff and the Class and should be required to make restitution to
6 Plaintiff and the Class Members or make restitutionary disgorgement of its ill-gotten
7 profits pursuant to Cal. Bus. & Prof. Code § 17203.

8 <div align="center">**COUNT IV**</div>

9 <div align="center">**Unjust Enrichment**</div>

10     72.    Plaintiff incorporates by reference and realleges all paragraphs
11 previously alleged herein.

12     73.    Plaintiff and the Class have conferred benefits on Defendant by paying
13 value for Power Balance products. Defendants knowingly and willingly accepted
14 monetary benefits from Plaintiff and the Class, but Defendants did not honor their
15 obligations by providing a product capable of enhancing performance and increasing
16 strength, balance and flexibility.

17     74.    Under the circumstances described herein, it is inequitable for
18 Defendants to retain the full monetary benefit at the expenses of Plaintiff and the
19 Class.

20     75.    By engaging in the conduct described above, Defendants have been
21 unjustly enriched at the expense of Plaintiff and the Class and are required, in equity
22 and good conscience, to compensate Plaintiff and the Class for harm suffered as a
23 result of its actions.

24     76.    As a direct and proximate result of Defendants' unjust enrichment,
25 Plaintiff and the Class have suffered injury and are entitled to reimbursement,
26 restitution, and disgorgement by Defendants of the benefit conferred by Plaintiff and
27 the Class.

28

CALDWELL
LESLIE &
PROCTOR

1

## **PRAYER FOR RELIEF**

2        Plaintiff, on behalf of himself and all others similarly situated, request that the

3 Court enter judgment against Defendants, as follows:

4        1.     An order certifying the proposed Class, designating Plaintiff as the

5 named representatives of the Class, and designating the undersigned as Class

6 Counsel;

7        2.     An award to Plaintiff and the Class of compensatory, consequential,

8 punitive and statutory damages, including interest thereon, in an amount to be

9 proven at trial;

10        3.     An order requiring the restitution and restitutionary disgorgement to the

11 Class of all profits unlawfully obtained by Defendants;

12        4.     An award of attorneys' fees and costs, as allowed by law;

13        5.     An award of pre-judgment and post-judgment interest, as provided by

14 law;

15        6.     For leave to amend the Complaint to conform to the evidence produced

16 at trial; and

17        7.     Such other or further relief as may be appropriate under the

18 circumstances.

19

## **DEMAND FOR JURY TRIAL**

20        Plaintiff, on behalf of himself and all others similarly situated, demand a trial

21 by jury of any and all issues in this action so triable.

22 DATED: January _21_, 2011        Respectfully submitted,

23

24                    CALDWELL LESLIE & PROCTOR, PC

ROBYN C. CROWTHER

25

26                    By _____

27                       ROBYN C. CROWTHER

Attorneys for BRIAN CASSERLY

28

CALDWELL
LESLIE &
PROCTOR

-18-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 670 PSG (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central     District of California

| | |
|---|---|
| Brian Casserly, on behalf of himself and all others similarly situat _____ <br> *Plaintiff* <br> v. <br> Power Balance, LLC, Josh Rodarmel, Tony Rodarmel, Keith Kato, Shaquille O'Neal and Lamar Odom _____ <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. **CV11 · 00670**SG(FMOx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Power Balance, LLC, Josh Rodarmel, Tony Rodarmel, Keith Kato, Shaquille O'Neal and Lamar Odom,

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Robyn C. Crowther, Caldwell Leslie & Proctor, PC
1000 Wilshire Blvd., Suite 600
Los Angeles, CA 90017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

SEAL

JULIE PRADO

Date: January 21, 2011 _____          _____
                                                 *Signature of Clerk or Deputy Clerk*

AO-440

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| Brian Casserly, on behalf of himself and all others similarly situated, | Power Balance, LLC, Josh Rodarmel, Tony Rodarmel, Keith Kato, Shaquille O'Neal and Lamar Odom. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robyn C. Crowther<br>Caldwell Leslie & Proctor, PC<br>1000 Wilshire Blvd., Suite 600<br>Los Angeles, CA 90017<br>T: (213) 629-9040<br>F: (213) 629-9022 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No  ☒ **MONEY DEMANDED IN COMPLAINT: $** in excess of $5,000,000.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

I. Violation of the California Consumer Legal Remedies Act; II. Violation of Cal. Bus. & Prof. Code §§ 17500, et seq. (False Advertising); III. Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (Unfair Competition); and IV. Unjust Enrichment.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:  **CV11·00670**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).   **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

VIII(b).   **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ ] No [X] Yes

If yes, list case number(s):   8:10 CV 01726-AG (RNB)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [X]  A. Arise from the same or closely related transactions, happenings, or events; or

[X]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _Robyn C. aw_   Date January 20, 2011

Robyn C. Crowther

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |