1 | EAGAN AVENATTI, LLP
Michael Q. Eagan, Bar No. 63479
2 | mqe@eoalaw.com
Michael J. Avenatti, Bar No. 206929
3 | mavenatti@eoalaw.com
450 Newport Center Drive, Second Floor
4 | Newport Beach, CA 92660
Tel:   (949) 706-7000
5 | Fax:  (949) 706-7050

6 | Attorneys for Defendants

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

| | |
|---|---|
| BRIAN CASSERLY, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>POWER BALANCE, LLC; JOSH RODARMEL; TONY RODARMEL; KEITH KATO; SHAQUILLE O'NEAL and LAMAR ODOM,<br><br>Defendants. | Case No.  SACV 11-00670 AJG<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>Hon. Andrew J. Guilford<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THE MOTION TO STAY THIS ACTION PENDING COURT CONSIDERATION OF THE NATIONWIDE CLASS SETTLEMENT OR, ALTERNATELY, THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S RULING ON THE PENDING MOTIONS TO TRANSFER**<br><br>**Hearing Date:** March 21, 2011<br>**Hearing Time:** 10:00 a.m.<br><br>Complaint Filed: January 21, 2011<br>Trial Date:      None set |

## REPLY BRIEF

### 1. Introduction

Defendants Power Balance, LLC, Josh Rodarmel, Tony Rodarmel, Keith Kato, Shaquille O'Neal, and Lamar Odom (collectively, "Power Balance" or "Defendants"), respectfully submit this reply brief in further support of the Motion to Stay this Action Pending Court Consideration of the Nationwide Class Settlement or, Alternately, the Judicial Panel on Multidistrict Litigation's ("JPML") Ruling on the Pending Motions to Transfer ("Motion"). As set forth in Power Balance's moving papers, on February 4, 2011, Defendants Power Balance LLC, Troy John Rodarmel, Josh Rodarmel, and Keith Kato participated in a mediation before Justice John Trotter (Ret.) in the putative class action *Batungbacal v. Power Balance LLC*, No. SACV11-00018 (C.D. Cal. 2011) ("*Batungbacal* Action"). The *Batungbacal* Action is pending before Judge Cormac J. Carney of this Court. After that mediation and the days that followed, the parties reached a tentative class wide settlement regarding the claims asserted in that action. The parties are presently finalizing documentation relating to the settlement and expect to submit documents relating to the settlement to the court in the *Batungbacal* action very soon.

Plaintiff's opposition to this Motion does not dispute that the *Batungbacal* Action raises essentially identical claims to those raised in this action and is also brought on behalf of a putative nationwide class. Accordingly, in order to promote judicial economy, the convenience of the parties, and to eliminate potentially duplicative efforts, a stay of this action is appropriate pending Court consideration of the class wide settlement in the *Batungbacal* Action.

Alternately, as argued in Power Balance's Motion, this action should be stayed pending the JPML's ruling on the pending motions to transfer. If granted, these motions would transfer this action and consolidate numerous similar actions pending nationwide for pretrial and discovery purposes. Plaintiff in this action has previously taken the position that consolidation and transfer is appropriate in light of the factual

similarities between the various actions. Further, the majority of courts to consider the issue have determined that a stay pending ruling from the JPML on a pending motion to transfer is in the interest of judicial economy and serves the policies underlying the MDL proceedings. Thus, as discussed in more detail below, and in light of prior position, a stay in this action is warranted.

**2.    Stay Pending A Decision On The Pending Motions To Transfer Is In The Interest Of Judicial Economy And In Accordance With Plaintiff's Request That This And Other Actions Be Consolidated And Transferred**

As established in Power Balance's opening brief, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." <u>Rivers v. Walt Disney Co.</u>, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). Indeed, Plaintiff in this action has already taken the position that consolidation and transfer pursuant to the MDL procedures is appropriate. In keeping with Plaintiff's position regarding the pending motions to transfer, concerns of judicial economy and the weight of authority dictate that this action should be stayed pending resolution of the motions to transfer by the JPML.

As one court has noted, "[t]here is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the MDL Panel is resolved. … Duplication of case management tasks by multiple courts is not an economical use of judicial resources." <u>Fuller v. AmeriGas Propane, Inc.</u>, Nos. C 09-2493 TEH & 09-2616 TEH, 2009 U.S. Dist. LEXIS 71413, at *5-6 (N.D. Cal. Aug. 3, 2009). Plaintiff's own position regarding the JPML proceedings and this action is therefore curious at best. As noted in Power Balance's moving papers and above, Plaintiff in this action has already filed a brief supporting consolidation and transfer to this District because of the similarity between the various Power Balance actions. [See Avenatti Decl. Ex. 18] ***In other words, it is Plaintiff's position that this action would***

*benefit from consolidation with other actions and uniform pretrial procedures*.

Nevertheless, Plaintiff argues in opposition to this Motion that this action is different from the other related actions by virtue of the fact that Plaintiff has also named Lamar Odom and Shaquille O'Neal as defendants in this action. The two positions are in obvious tension. Having previously taken the position that this action would benefit from consolidation and coordinated pretrial proceedings, Plaintiff now takes the position that this action should proceed separately and on a different track than the other actions, thus potentially duplicating actions and resulting in unnecessary work both for the parties and the Court.

Unfortunately for Plaintiff, the weight of authority is not in his favor. See Wright et al., 15 Fed. Pract. & Proc. Juris. § 3866.1; Rivers, 980 F. Supp. at 1362; Good v. Altria Group, Inc., 624 F. Supp. 2d 132, 136 (D. Me. 2009); see also Barnes v. Equinox Group, Inc., No. C 10-03586 LB, 2010 U.S. Dist. LEXIS 138863, at *4-10 (N.D. Cal. Dec. 30, 2010); Cottle-Banks v. Cox Communs., Inc., No. 10cv2133 BTM(WVG), 2010 U.S. Dist. LEXIS 138195, at *2 (S.D. Cal. Dec. 30, 2010); Fuller, 2009 U.S. Dist. LEXIS 71413, at *4-6; Santillan v. Merck & Co., No. 06-CV-01996-JM(RBB), 2006 U.S. Dist. LEXIS 96873, at *2-4 (S.D. Cal. Dec. 11, 2006). Equally importantly, none of the cases cited by Plaintiff compel, let alone even suggest, that a different result should be reached here.

For example, Plaintiff cites the decision in Falk v. GMC for the proposition that a stay should be denied in this action. Plaintiff, however, neglects to mention that the basis for the denial of the stay in the Falk action was that the action was "too far advanced to bring everything to a halt." Falk v. GMC, No. C 07-01731 WHA, 2007 U.S. Dist. LEXIS 80864, at *10 (N.D. Cal. Oct. 22, 2007). Indeed, in that action, class certification briefing was due in approximately two months and a trial date had been set. Id. Here, no such considerations weigh against staying this action as discovery has not even begun.

Similarly, the Luce action, relied on by Plaintiff, involved circumstances that are

simply not present in this action. There, the court denied the motion to stay in order to consider a pending motion to remand the action to state court. See <u>Luce v. A. W. Chesteron Co.</u>, No. C-10-0174 MMC, 2010 U.S. Dist. LEXIS 28920 (N.D. Cal. Mar. 2, 2010) (Noting that "the only matter pending before the Court is plaintiffs' motion to remand" and that "the issue before the Court is, in effect, whether this Court should consider the merits of plaintiffs' motion for remand, presently set for hearing … or, instead, stay the instant action" and let the transferee court address the motion.). Thus, the court denied the motion to stay in order to consider the merits of the motion to remand which, if granted, would have disposed of the action entirely. No such motion is pending before this Court.

<u>Campbell v. PriceWaterhouse Coopers, LLP</u>, also relied upon by Plaintiff, did not involve pending motions to transfer before the JPML at all. No. CIV. S-06-2376 LKK/GGH, 2008 U.S. Dist. LEXIS 44795 (E.D. Cal. June 4, 2008).

Finally, Plaintiff relies on the <u>Jozwiak v. Stryker Corp.</u>, for the proposition that a stay should be denied because of the fact that Plaintiff has named Lamar Odom and Shaquille O'Neal as defendants in this action. However, in the <u>Jozwiak</u> action, the court was concerned with the potential prejudice to the additional defendants because they may not have been properly named. No. 6:09-cv-1985, 2010 U.S. Dist. LEXIS 8103, at *7 (M.D. Fla. Jan. 11, 2010). Presumably it is not Plaintiff's argument that Defendants Odom and O'Neal should be dismissed from this action and that therefore their interests may be prejudiced by a stay. ***Indeed, were this action to be consolidated and transferred, it would be as to all Defendants, including Defendants O'Neal and Odom***. There is no provision for the consolidation and transfer of only part of an action and no such request has been made. Nor has Plaintiff taken the position that transfer and consolidation is inappropriate because of the involvement of Defendants O'Neal and Odom. On the contrary, Plaintiff supports the consolidation and transfer of this action. Consequently, the <u>Jozwiak</u> decision has no bearing on this action or Motion.

Accordingly, a stay in this action pending JPML ruling on the pending motions to

transfer is warranted.

### 3. Plaintiff's Arguments Regarding The Settlement In The *Batungbacal* Action Should Be Raised In That Action And Not Here

As established in Power Balance's opening brief, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979). Importantly, **Plaintiff does not dispute the fundamental basis for Power Balance's Motion, namely, that the *Casserly* and *Batungbacal* Actions raise essentially identical claims and that, if the settlement in the *Batungbacal* Action is approved, it will resolve this action**. See Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 649 (N.D. Cal. 1978) ("Indeed, if any distinction between class actions and non class actions is warranted, one might well argue for more liberal application of res judicata based upon a class action settlement wherein the requirement of court approval prevents the overreaching that might otherwise occur."). On these facts, a brief stay pending Court consideration of the settlement in the *Batungbacal* Action is appropriate. As the Ninth Circuit has noted "[i]t hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation" and "[t]his is particularly true in class action suits which are now an ever increasing burden to so many federal courts and which frequently present serious problems of management and expense." Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 950 (9th Cir. 1976). Indeed, since the filing of this Motion, two other actions have been stayed pending either Court consideration of the settlement in the *Batungbacal* Action or the JPML's decision on the pending motions to transfer. [See Suppl. Avenatti Decl. Exs. C-D (Court orders in the Davidson and Bowlin actions)]

Plaintiff's primary argument against a stay pending Court consideration of the *Batungbacal* settlement is based upon Plaintiff's objections to the settlement terms.

1  Whatever objection Plaintiff may have with the terms of the settlement agreement,
2  those objections must be raised in the context of Court consideration of the settlement in
3  the *Batungbacal* Action.  This is not the proper forum for hearing Plaintiff's objections.
4  Indeed, the Federal Rules of Civil Procedure provide that Plaintiff may object to the
5  settlement in the *Batungbacal* Action.  See Fed. R. Civ. P. 23(e)(5) ("Any class member
6  may object to the proposal if it requires court approval under this subdivision (e)…").
7  Accordingly, it is respectfully submitted that the only consideration relevant to this
8  Motion is whether in the interest of efficiency and other considerations discussed in
9  Power Balance's Motion, this Court chooses to exercises its discretion to enter a brief
10 stay in this action pending Court consideration of the pending settlement in the
11 *Batungbacal* Action.

12    Accordingly, in light of the undisputed overlap between the actions and the fact
13 that this action is one of approximately fifteen (15) separately pending federal actions,
14 Power Balance respectfully submits that a stay pending court consideration of the
15 *Batungbacal* Action is warranted.  See Stark v. Wickard, 321 U.S. 288, 310; 64 S. Ct.
16 559; 88 L. Ed. 733 (1944) (Noting that "[i]f numerous parallel cases are filed, the courts
17 have ample authority to stay … litigation until the determination of a test case.");
18 Landis v. North American. Co., 299 U.S. 248, 254; 57 S. Ct. 163; 81 L. Ed. 153 (1936)
19 ("[T]he power to stay proceedings is incidental to the power inherent in every court to
20 control the disposition of the causes on its docket with economy of time and effort for
21 itself, for counsel, and for litigants.").

23 **4.  Plaintiff Had No Interest In Engaging In Meet And Confer Efforts And**
24 **Raises The Issue Now Solely To Prejudice Defendant**

25    Plaintiff argues that Power Balance failed to adequately engage in meet and
26 confer efforts prior to filing the motion presently under consideration.  As Power
27 Balance's Motion made clear, the parties in the *Batungbacal* Action did not engage in
28 mediation efforts until February 4, 2011.  [Avenatti Decl. ¶ 5]  Further, a tentative

settlement was not reached until after the mediation itself and through continued negotiations in the days that followed the February 4 mediation. [Id. ¶¶ 5-6] Thus, in light of Power Balance's deadline of February 16, 2011, for responding to the Complaint, strict compliance with the timetable for meet and confer discussions under the Local Rules was impossible as by the time Power Balance was aware of the basis for the Motion, there were less than ten (10) days remaining before Power Balance's response was due.

Additionally, as detailed in Power Balance's Motion, Power Balance did attempt to contact Plaintiff and engage in meet and confer discussions prior to filing this Motion. [Id. ¶ 12] Under these circumstances, and without seeking to diminish the importance of the Local Rules, strict compliance with the Local Rules may be excused. See Fitzgerald v. City of Los Angeles, 485 F. Supp. 2d 1137, 1140 (C.D. Cal. 2007) (Excusing failure to meet and confer within the time limits imposed by the Local Rules because the moving party did not learn of the violation that gave rise to the motion within the period of time imagined by the Rules); see also So v. Land Base, LLC, CV 08-03336 DDP, 2009 U.S. Dist. LEXIS 43093, at *5 (C.D. Cal. May 8, 2009) (Excusing the moving party for its failure to comply with the strict letter of the Local Rules because "the Court is satisfied with Plaintiff's explanation for why that conference was not possible"); Superbalife, Int'l v. Powerpay, No. CV 08-5099, 2008 U.S. Dist. LEXIS 89204, at *5 (C.D. Cal. Oct. 7, 2008) (Stating that the court "is well-aware that strict deadlines cannot always be adhered to" and faulting the moving party because it failed to make any effort at all); Resonance Tech., Inc. v. Koninklijke Philips Elecs. N.V., No. CV 08-2580 PSG, 2008 U.S. Dist. LEXIS 79497, at *3 (C.D. Cal. Sept. 17, 2008) (Deciding the merits of the motion even though there was a dispute over whether the moving party met and conferred in a timely fashion); Del Amo v. Baccash, No. CV 07-663-PSG, 2008 U.S. Dist. LEXIS 110489, at *7 (C.D. Cal. Sept. 16, 2008) (Excusing the moving party's failure to meet and confer on every issue because there was no evidence of bad faith on the moving party's part.).

Notably absent from Plaintiff's argument regarding Power Balance's meet and confer efforts is a discussion of the fact that Power Balance did reach counsel for Plaintiff, D. Greg Blankenship, on February 17, 2011 and attempted to engage in further meet and confer discussions. Plaintiff tried to raise the possibility of a stipulation that would avoid the necessity of a hearing on this Motion. Counsel for Plaintiff expressed no interest in engaging in meet and confer discussions, stating instead that he saw no reason to discuss the possibility of reaching any agreement on a motion that had already been filed. [Suppl. Avenatti Decl. ¶ 2] In so stating, Plaintiff revealed that the purpose behind his objection is to elevate form over substance and Plaintiff's argument is not made out of any desire to engage in meet and confer discussions or avoid the necessity of motion practice, but simply to disadvantage Power Balance. In fact, in other related actions Power Balance has managed to avoid the necessity of motion practice even after filing a formal motion to stay.

For example, in the action <u>Joon Khang v. Power Balance, LLC</u>, No. SACV 11-00145 CJC (MGLx) (C.D. Cal. 2011), a virtually identical class action [Avenatti Decl. Ex. 7 (Khang Complaint)], Power Balance filed a motion to stay, but was later able to negotiate and agree to a stipulation with Plaintiff's counsel that allowed Power Balance to withdraw its motion and avoid unnecessary motion practice. [<u>See</u> Suppl. Avenatti Decl. Exs. A-B (Joint Stipulation and Notice of Withdrawal)] By contrast, Plaintiff in this action refused to engage in such discussions and nevertheless seeks to use the Local Rules to his advantage. It is respectfully submitted that this is not the purpose of the meet and confer requirement and is not a basis to deny Power Balance's Motion.

## 5. Conclusion

For the reasons stated herein as well as in Power Balance's moving papers, Power Balance respectfully requests that the Court enter an order staying this action pending the Court's consideration of the settlement of the *Batungbacal* Action or, alternately, pending resolution of the motions to transfer pending before the JPML.

Dated: March 7, 2011          EAGAN AVENATTI, LLP


                              By:      /s/ Michael J. Avenatti
                                    Michael J. Avenatti
                                    Attorneys for Defendants